# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ERIC,** | : | **CIVIL ACTION NO. 1:09-CV-1052** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DONSCO INCORPORATED,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court are plaintiff's Objections to the October 12, 2010, Report and Recommendation of the Honorable William T. Prince, United States Magistrate Judge. The Objections were filed on October 29, 2010, and plaintiff's brief in support thereof was filed on October 30, 2010.

Local Rule 72.3 provides the following explication of the procedure for review of magistrate judge reports and recommendations addressing case dispositive motions:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply.

Local Rule 72.2 provides that the brief shall be filed *simultaneously*. It is undisputed that plaintiff's counsel did not adhere to these rules. Nevertheless, the court finds no prejudice in its consideration of the merits of the objections and it will proceed to the same.

Plaintiff's principal objection involves the Magistrate Judge's analysis of the hostile work environment and constructive discharge claims. Plaintiff asserts that Judge Prince failed to consider the "totality of the circumstances" and conducted his analysis in a vacuum. The court disagrees. Judge Prince thoughtfully analyzed all of the events of harassment and concluded that "[t]he allegations [plaintiff] has made fail to reach a level of severity or pervasiveness to have altered the workplace." (Doc. 35, pp. 18-19).

To be sure, the court has undertaken a careful analysis of the events in question in the context of plaintiff's working environment: a stolen lunch, a broken radio, glue on his locker and name calling.[1] Considering these events in the context of the working environment and with due regard to plaintiff's perspective, the court concurs with Judge Prince's conclusion. Caselaw requires something more than "mere utterance of an ethnic or racial epithet." Meritor Sav. Bank, FSB v. Vinson,

---

[1] Defendant acknowledges that the verbal atmosphere of the work environment is loud "foundry talk" and somewhat profane. See Doc. 16, p. 2. Nevertheless, calling plaintiff a "black monkey" is alleged to have occurred on a single occasion and ostensibly originated from a maverick employee. See Doc. 22, pp. 3-4.

2

477 U.S. 57, 67 (1986). The remark attributed to Ms. Smith, while racially charged and highly inappropriate, was nevertheless isolated.

Factoring in the other events, over the course of plaintiff's fourteen months of employment, and recognizing that several events had greater temporal proximity to one another, the court nevertheless concludes that plaintiff has not met his burden of establishing the *prima facie* elements of a hostile work environment claim.

The court finds the Magistrate Judge's well-reasoned Report and Recommendation squarely addresses plaintiff's remaining objections and adopts its rationale *in toto*.

An appropriate order follows.

                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

Dated:       December 3, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ERIC,** | : | **CIVIL ACTION NO. 1:09-CV-1052** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DONSCO INCORPORATED,** | : | |
| Defendant | : | |

## **O R D E R**

AND NOW, this 3rd day of December, 2010, upon consideration of Magistrate Judge Prince's Report and Recommendation (Doc. 35), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED as follows:

1. The report of Magistrate Judge Prince (Doc. 35) is ADOPTED in its entirety.

2. Defendant's motion for summary judgment (Doc. 13) is GRANTED. The Clerk of Court is directed to enter JUDGMENT in favor of defendant and against plaintiff on all claims.

3. The Clerk of Court is directed to CLOSE this matter.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge